IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                No. 1:20-cr-01479-KWR-1

DANIEL MONTANO,

    Defendant.

**<u>DISCOVERY ORDER</u>**

       The Court, having considered the pleadings of the parties, hereby enters the following discovery order (the "Order") pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure or by agreement of the parties as to the disclosure of discovery to defendant, Daniel Montano, who is incarcerated in this case.

       1.     All discovery materials may be reproduced and provided to the following persons: defense counsel, attorneys for the United States of America, any law clerk, paralegal, secretarial, or clerical personnel regularly employed, or contracted on this case, by counsel for the United States or defendant in preparation of these proceedings, including, but not limited to, associate attorneys, law enforcement and defense investigators, expert witnesses, mitigation specialists, law clerks, Court personnel or stenographic reporters necessarily involved in these proceedings.

       2.     As soon as practicable, defendant will be provided with a password protected tablet or laptop computer, or its substantial equivalent ("Computer") suitable for the purposes described herein.  The Computer will not have access to the internet, nor will it have Wi-Fi capability.  Furthermore, any camera on the Computer will be disabled.  The Computer will be also subject to any reasonable security demands of the United States Marshals Service or its designee.  Once the Computer is determined to meet the necessary security requirements, all

government discovery materials will be loaded onto the Computer with discovery provided by the United States.  This Computer can be updated at regular intervals as additional government discovery materials are disclosed.  This Computer must be accessible to defendant in his cell and during legal visits – whether in-person or over the phone.  Except as provided in this Order, defendant cannot be forced to display his Computer to anyone other than defense counsel or persons associated with his defense counsel as described in paragraph 1 of this Order.  The password for defendant's Computer will be set by defendant and/or his counsel and will not be disclosed to counsel for the government, the United States Marshals, corrections officers, or any other member of law enforcement.  Once provided to defendant, the Computer and all data in any form inside that Computer, including any markings thereon, will be protected by the attorney/client privilege.  This Computer will only allow defendant to view/review the discovery material placed on the Computer which includes audio/video files, pictures and documents.  The Computer is strictly for defendant's use to review the discovery in his cell and for legal visits; defendant is prohibited from using the Computer in any common areas of the correctional facility.  Defendant is further prohibited from disseminating any of the discovery beyond those persons listed in paragraph 1.

       3.      At the conclusion of an attorney visit, a corrections officer may ask the attorney to unlock defendant's Computer and briefly conduct a visual examination of the Computer in the presence of the attorney and defendant to determine if the device contains contraband or is damaged.  A corrections officer performing such cursory inspection shall not attempt to read or photograph the contents of the Computer and, unless there is good cause to believe that the Computer contains contraband or is damaged, shall return the Computer to defendant in the presence of the attorney.  If a cursory inspection of a Computer provides good cause to believe

that the Computer contains contraband or is damaged or if the government otherwise has good cause to believe that the Computer contains contraband or is damaged, a corrections officer may seize the Computer. Before the Computer is taken out of the presence of the attorney, it must be powered down and turned completely off. If any Computer is seized in this manner, it shall be taken directly to the Warden of the institution and placed in a secure, locked area accessible only to the Warden until further order of the Court. The corrections officer shall immediately provide a written declaration signed under penalty of perjury as to the cause for the seizure of the Computer ("Statement of Cause"). The Court and counsel for the prosecution and defendant shall be immediately notified of the seizure and be provided a copy of the Statement of Cause within 72 hours of the seizure of the Computer. The Court will accept input from the parties prior to conducting further proceedings regarding the seized Computer.

4. At any other time, correction officials may periodically ask defendant to unlock the Computer and quickly scan the devices for contraband; defendant must unlock and provide the corrections officer visual access to the Computer. Corrections officers shall not read or otherwise examine the content of the Computer. The corrections officer shall not ask defendant to check the Computer while it is powered on and it must be powered off before the visual scan takes place. Corrections officers shall not take the Computer except to scan it as described above.

5. At the conclusion of the case, the contents of Computer will be deleted, and the Computer will be returned to the CJA Resource Counsel.

6. Nothing contained herein precludes the government, defendant, his counsel, or their respective assistants and staff from conducting an investigation of the facts of this case on behalf of the government or defendant, including interviewing witnesses, showing witness

statements contained in the discovery material to witnesses and asking witnesses about the content of such statements.

7. Unless previously expressly addressed herein or in previous orders, defendant is not precluded from being be provided paper copies of documents, investigative reports, witness interviews or other defense teamwork product ("Defense Materials").  All parties acknowledge that Defense Materials handled in this manner retain all attorney-client privilege and work product protections.

8. Counsel can provide, and defendant can possess, paper copies of all publicly filed pleadings.  *Ex parte* or sealed filings may be shown to defendant during defense legal visits and/or loaded onto defendant's Computer in the same manner as Defense Materials, but defendant cannot have paper copies of *ex parte* or sealed pleadings.  Defendant can also have access to paper documents which have been procured by his defense team during their investigation through channels such as IPRA/FOIA or discovery received through state prosecutions.

9. In the event the government and/or any defense counsel need to provide defendant with a paper copy of any document covered by this Order or want some other modification of the Order, the party seeking modification of the Order shall move the Court for the modification.  Such motion must comply with the Local Rules and set forth good cause for the requested modification.  Unless exigent circumstances can be shown in the motion for a shortened briefing schedule, an ordinary briefing schedule shall apply.

10. Should counsel withdraw or cease to participate in the above-referenced cases, any discovery materials and any copies derived therefrom will be provided to new counsel once the substitution is ordered by the Court.

11. Discovery material disclosed by the government in this matter shall be used solely in connection with these proceedings, or any related appellate proceedings and collateral review. Government discovery materials shall not be used for any other purpose, including any other litigation or proceeding.

12. The provisions of this order shall remain in effect until further order of this Court.

**IT IS SO ORDERED.**

**DATED: September 6, 2022 (09/06/2022)**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**